IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH D. GRANT, an Individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KTM NORTH AMERICA, INC.; KTM-SPORTMOTORCYLCLE AG; OWEN MOTOR SPORTS, INC.; BRINNDUSTRIES, LLC, d/b/a SPYKE'S KTM; KIEHIN NORTH AMERICA, INC.,<br><br>　　　　Defendants. | CIVIL CASE NO.: _____<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff, KEITH D. GRANT, by and through his undersigned counsel, brings this cause of action for personal injuries and damages suffered as a proximate result of his purchase and use of a 2016 KTM 350 SX-F, VIN#VBKSXP431GM248986 Motorbike ("the KTM Bike"). At all relevant times, the KTM Bike and/or its component parts, was manufactured, designed, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, advertised, distributed and sold by Defendants KTM NORTH AMERICA, INC., KTM-SPORTMOTORCYCLE AG, OWEN MOTOR SPORTS, INC., BRINNDUSTRIES, LLC, d/b/a SPYKE'S KTM, and KEIHIN NORTH AMERICA, INC. (collectively referred to as "Defendants").

## **PARTIES AND JURISDICTION**

1.　　Plaintiff, KEITH D. GRANT, is a citizen of the State of Indiana and resides at 6759 Colonial Drive, Greenfield, Indiana 46140.

2.      Defendant OWEN MOTOR SALES, INC. ("OWEN") is an Illinois corporation with its principal place of business located at 11660 Old State Road, Charleston, Coles County, Illinois 61920. Service of process is proper with Michael W. Owen at 11660 Old State Road, Charleston, Illinois 61920. Defendant OWEN is in the business of selling, servicing, maintaining, rebuilding, restoring, accessorizing and repairing motorbike products within the State of Illinois, including the KTM Bike.

3.      This Court has personal jurisdiction over Defendant OWEN because Defendant OWEN fits within the Indiana Long Arm Statute and has individually and by and through its agents and/or partners, purposefully availed itself of the benefits of the State of Indiana and established sufficient minimum contacts to satisfy Due Process concerns by: (1) contracting with KTM Defendants to design, manufacture and supply its component parts, including the throttle body for the KTM Bike, for sale throughout the United States, including the State of Illinois and Indiana; (2) establishing subsidiaries, agents, dealers and distribution partners within the United States to sell and distribute its products nationwide through retail stores and online, including the States of Illinois and Indiana; (3) operating interactive websites to target Indiana consumers through online advertising and marketing strategies; (4) deriving substantial revenue from its goods used and consumed through the United States, including the State of Indiana; (5) committing a tort, in part, in the State of Indiana and tortious injury which occurred as a result of such activity; (6) placing its throttle bodies into the stream of commerce and directing its business activities in the United States knowing its goods would be sold throughout the United States, including the State of Indiana; and (7) causing injury and damages by breach of warranties that were made at the time of sale within the States of Illinois and Indiana.

4. Defendant BRINNDUSTRIES, LLC, d/b/a SPYKE'S KTM ("SPYKE'S KTM") is an Indiana corporation with its principal place of business located at 706 Navco Drive, Lafayette, Indiana 47905. Service of process is proper with Benjamin F. Brinn, III at 1460 Santanna Drive, Lafayette, Indiana 47905. Defendant SPYKE'S KTM is an authorized KTM dealership who is in the business of selling and servicing new and used KTM, among other motorcycle brands. SPYKE'S KTM was issued a Certificate of Origin for a Vehicle, the KTM Bike, by KTM Defendants before the sale of the vehicle by Defendant OWEN to Plaintiff.

5. This Court has personal jurisdiction over Defendant SPYKE'S KTM because Defendant SPYKE'S KTM is at home in Indiana with its principal place of business located in Lafayette, Tippecanoe County, Indiana.

6. Defendant KTM NORTH AMERICA, INC. ("KTM NA") is an Ohio Corporation with its principal place of business located at 1119 Milan Avenue, Amherst, Ohio 44001. Service of process is proper on its registered agent, Registered Agent Solutions, Inc., 4568 Mayfield Road, Suite 204, Cleveland, OH 44121. It is a wholly-owned subsidiary of Defendant KTM-MOTORCYCLE AG.

7. This Court has personal jurisdiction over Defendant KTM NA because Defendant KTM AG fits within the Indiana Long Arm Statute and has purposefully availed itself of the benefits of the State of Indiana and established minimum contacts to satisfy Due Process concerns by: (1) contracting with Defendants OWEN and/or SPKYE'S KTM for the sale of the KTM Bike in Indiana; (2) committing multiple torts, in part, through the sale of the KTM Bike in a defective condition in the State of Indiana as described below; (3) regularly conducting and soliciting business and engaging in other persistent courses of conduct to derive revenue from sales of its products in the State of Indiana; (4) deriving substantial revenue from sales of its

products in Indiana; (5) purposefully directing its business activities at the State of Indiana by contracting with authorized agents and distributors, such as Defendant OWEN, knowing the goods would be sold throughout the state of Indiana; (6) causing tortious injury outside of the State of Ohio by tortious acts committed within the State of Indiana; and (7) causing injury and damages by breach of warranties that were made at the time of sale within the State of Indiana.

8. Defendant KTM-SPORTMOTORCYCLE AG ("KTM") is an Austrian motorcycle manufacturer with its principal place of business located in Mattighofen, Austria. KTM is the parent company of Defendant KTM NA which designed and manufactured the KTM Bike at issue in this matter. Service of process is proper at KTM's primary place of business at Stallhofnerstrasse 3, 5230 Mattighoffen, Austria. KTM is a manufacturing partner and/or has entered into a joint venture with Defendants OWEN and/or SPYKE'S KTM to design, manufacture, assemble, market, inspect, repair and sell motorbikes, including the KTM Bike at issue in this matter.

9. This Court has personal jurisdiction over Defendant KTM because Defendant KTM fits within the Indiana Long Arm Statute and has purposefully availed itself of the benefits of the State of Indiana and established sufficient minimum contacts to satisfy Due Process concerns by: (1) regularly conducting and soliciting business and engaging in other persistent courses of conduct to derive revenue from the sale of its products in the State of Indiana; (2) establishing subsidiaries, agents, dealers, and distribution partners within the United States to sell and distribute its products nationwide through retail stores and online, including the State of Indiana; (3) operates interactive websites to target Indiana consumers through online advertising and marketing strategies; (4) deriving substantial revenue from the sale of its products in the State of Indiana; (5) purposefully directing its business activities in the United States, including

the State of Indiana, by contracting with authorized agents and distributors in the State of Illinois, such as Defendant OWEN, knowing the goods would be sold throughout the State of Illinois and Indiana; and (6) placing the KTM Bike into the stream of commerce and directing its business activities in the United States knowing its goods would be sold throughout the United States, including the State of Illinois and Indiana; and (7) causing injury and damages by breach of warranties that were made at the time of sale within the State of Illinois and Indiana.

10.     Defendant KTM NA and Defendant KTM will be collectively referred to as "KTM Defendants".

11.     Defendant KEIHIN NORTH AMERICA, INC. ("KEIHIN") is an Indiana corporation with its principal place of business located at 2701 Enterprise Drive, Anderson, Indiana 46013. Service is proper with Gregory S. Young at 2701 Enterprise Drive, Anderson, Indiana 46013. Defendant KEIHIN designed and manufactured the throttle body in the KTM Bike through a joint venture relationship and/or partnership with KTM Defendants.

12.     This Court has personal jurisdiction over Defendant KEIHIN because Defendant KEIHIN is at home in Indiana with its principal place of business located in Anderson, Madison County, Indiana.

13.     Jurisdiction is proper over this case pursuant to 28 U.S.C. § 1332 on the basis of complete diversity of the parties. The amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

14.     Venue is proper in this district and division as a substantial number of events which gave rise to the injuries and damages of the Plaintiff occurred in Madison County, Indiana, including the principle place of business of Defendant KEIHIN, and the design and

manufacture of the throttle body in the KTM Bike more fully described in the Complaint for Damages below.

## GENERAL ALLEGATIONS

15. Plaintiff adopts and incorporates every allegation set forth above as if fully stated herein.

16. On or about September 14, 2015 purchased the KTM Bike, a 2016 KTM 350 SX-F off-road motorcycle, from Defendant OWEN for $10,069.61 at its facility in Charleston, Coles County, Illinois. The KTM Bike was previously issued a Certificate of Origin for a Vehicle by KTM Defendants to Defendant SPYKE'S KTM on September 7, 2015.

17. Plaintiff, being an experienced off-road amateur motocross racer who has been riding off-road motorcycles for over 20 years on the date of purchase of the KTM Bike, owned many off-road motorcycles during his lifetime, including KTM motorcycles.

18. On September 27, 2015, Plaintiff transported the KTM Bike to a familiar private track located in Fillmore, Putnam County, Indiana for purposes of "breaking in" the motorcycle.

19. On this occasion, Plaintiff made several laps around the off-road track without incident. Approximately 36 laps around the track, Plaintiff approached a right-hand turn coming out of a straightway, when Plaintiff attempted to slow the KTM Bike by rolling the throttle.

20. When the throttle would not respond, Plaintiff pulled the clutch lever to disconnect the engine from the KTM Bike's transmission. The engine would not slow the motorcycle after closing the throttle grip so the Plaintiff was unable to successfully maneuver the turn.

21. Plaintiff traveled through a tree line and struck a tree when he was knocked unconscious and located by emergency personnel approximately 30 minutes later. The

responders removed Plaintiff's professional gear, boots and cracked helmet and placed Plaintiff on a backboard before he was airlifted to Indiana University Health Methodist Hospital Emergency Room where he was diagnosed and treated for the following:

- Loss of consciousness for an indeterminate period of time
- Right skull fractures
- Right apical pneumothorax
- Fracture of right lateral maxillary sinus wall
- Fracture of greater wing of sphenoid and floor of right middle cranial fossa
- Fracture of right inferior, lateral and superior orbital walls
- Hematoma of right orbit
- Fractures of right temporal bone, right middle ear, right petrous carotid canal, extending to the right temporal calvarium
- Non-displaced fracture of the inferior right occipital bone, partially traversing the right jugular foramen
- Leakage of cerebrospinal fluid from nose and right ear
- Fracture of left radial diaphysis
- Avulsion fracture of radial styloid
- Fracture of left ulna
- Fracture of left knee
- Fracture of left femur
- Fractures of left 2nd, 3rd and 4th toes
- Fracture of right hand
- Rods placed in left femur
- Open reduction and internal fixation (plates) in both left forearms
- Open reduction and internal fixation (screws) in knee cap
- Open reduction and internal fixation on 2nd and 3rd left toes (stainless steel pins and K-wire)
- Loss of hearing
- Intensive physical, speech, occupational therapy
- Traumatic brain injury with cognitive deficits
- Sensory and motor neuropathy in left hand/arm
- Weakened grip in left hand
- Constant left foot/leg pain, stiffness, disfigurement, weakness
- Dizziness and memory loss

22. The KTM Bike, its progeny and similar production models, has a history of complaints with the throttle sticking. When the throttle stuck on this occasion and Plaintiff pulled the clutch lever to disengage the KTM Bike engine from the transmission, the clutch would not operate due to a leak of the hydraulic/brake fluid. On post-incident inspection, it was

discovered that the one of the clutch hydraulic hose fittings was extremely loose which allowed the brake fluid to leak from the clutch master cylinder, rendering the clutch lever ineffective. Further, the throttle cable free play was close to zero, well below factory specifications, indicating that there was a potential for the throttle to remain open when the throttle grip was released by Plaintiff.

23. Additionally, on post-incident inspection, the engine cold start feature was not adjusted properly and not functioning until a proper adjustment was made. One of two throttle cable assembly adjusters did not have the lock nut tightened to prevent changes in the throttle cable adjustment which would be unbeknownst to the operator of the KTM Bike.

24. These critical safety-related deficiencies in the function of the KTM Bike were not discoverable by the Plaintiff, but the sole duty of Defendants to ensure the KTM Bike was in a reasonably safe condition prior to sale to Plaintiff.

25. As a proximate result of the multiple defects in the KTM Bike, which resulted in the injuries listed above, Plaintiff has incurred past medical bills which are in excess of $310,000.00 and the future life care plan is estimated to exceed $1,000,000.00. In addition to the physical injuries, Plaintiff lost time from work resulting in over $26,000.00 in lost income.

26. Plaintiff has experienced severe past physical and emotional pain and suffering and will continue to experience both physical and mental pain and suffering into the future.

## COUNT I
## STRICT LIABILITY
## (KTM DEFENDANTS)

27. Plaintiff adopts and incorporates every allegation set out above as if set out fully stated herein.

28. KTM Defendants are each strictly liable because the KTM Bike was manufactured and designed in a defective manner and was in a defective and unreasonably dangerous condition when KTM Defendants placed the product into the stream of commerce.

29. The defective condition of the KTM Bike existed at the time the product was placed into the stream of commerce and sold to Plaintiff. The KTM Bike, with respect to the claims made herein, was in its original, unaltered, and unmodified condition on September 27, 2015 when the KTM Bike failed to perform as designed. At the time the KTM Bike left control of the manufacturer/seller, the KTM Defendants knew or should have known of the defective and dangerous condition that caused the injuries and damages to Plaintiff described herein.

30. A reasonable consumer in the same situation of Plaintiff would not expect the KTM Bike to perform as it did on the occasion made the basis of this suit, in that he was unable to slow the KTM Bike when utilizing the throttle and clutch lever appropriately.

31. The KTM Bike was dangerous to an extent beyond that which would be contemplated by the ordinary user or consumer with the ordinary knowledge common to the community.

32. The KTM Bike did not conform to KTM Defendants' protocols, product specifications or instructions for operation.

33. Plaintiff was exercising reasonable care at the time of the incident and/or was operating the KTM Bike in a foreseeable manner.

34. Had a reasonable alternative design been implemented, Plaintiff would not have suffered the severe injuries and damages described herein.

35. The KTM Bike did not have adequate warnings or instructions to notify the consumer of the risks and dangers posed by the defective condition of the KTM Bike.

34. The defective condition of the KTM Bike, directly and proximately caused Plaintiff to suffer severe injuries and damages described herein.

WHEREFORE, Plaintiff demands judgment against KTM Defendants for damages to be determined by a jury in an amount in excess of the jurisdictional requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT II
## STRICT LIABILITY
## (KEIHIN)

35. Plaintiff adopts and incorporates every allegation set out above as if set out fully stated herein.

36. Defendant KEIHIN is strictly liable because the throttle that was sold to KTM Defendants and integrated into the KTM Bike was manufactured and/or designed in a defective manner and was in a defective and unreasonably dangerous condition when KEIHIN placed the product into the stream of commerce and sold to Plaintiff.

37. The KEIHIN throttle created risks and dangers that an ordinary prudent company engaged in the manufacturing of motorcycles throttles, being fully aware of the risks and dangers, would not have sold and/or put the throttle on the market.

38. The defective condition of the throttle existed at the time KEIHIN sold the product to KTM Defendants and placed the throttle into the stream of commerce and when the KTM Bike was sold to Plaintiff. The throttle was in its original, unaltered, and unmodified condition when the KTM Bike was sold to Plaintiff. At the time the throttle left control of the manufacturer, KEIHIN knew or should have known of the defective and dangerous condition of the throttle which caused and/or contributed to cause the injuries and damages described herein.

39. The personal injury risks inherent with the defective throttle far outweigh any benefit or utility.

40. A reasonable consumer in the same situation as Plaintiff would not expect the KTM Bike throttle to perform in a manner in which it was designed.

41. Plaintiff was exercising reasonable care at the time of the incident and/or was operating the throttle in a foreseeable manner.

42. Had a reasonable alternative design been implemented, Plaintiff would not have suffered the severe injuries and damages described herein.

43. The KTM Bike did not have adequate warnings or instructions to notify the consumer of the danger posed by the defective throttle risks and dangers.

44. The defects of the KTM Bike throttle described herein directly and proximately caused Plaintiff to suffer severe injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant KEIHIN for damages to be determined by a jury in an amount in excess of the jurisdictional requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT III
## NEGLIGENCE
## (KTM DEFENDANTS AND KEIHIN)

45. Plaintiff adopts and incorporates every allegation set out above as if set out fully stated herein.

46. KTM Defendants and KEIHIN each owed a duty to Plaintiff to exercise ordinary care when designing, manufacturing, constructing, developing standards, assembling, testing, certifying, instructing, marketing, advertising, warning, and otherwise placing the throttle and KTM Bike into the stream of commerce.

47. KTM Defendants and KEIHIN each negligently and carelessly breached the above-described duties and failed to reasonably discover the dangers and increased risk of danger with the defective throttle and KTM Bike prior to placing it in the stream of commerce and sold to Plaintiff.

48. Defendants, through testing, observation, incident reports, studies, engineering literature, and general industry awareness, had actual knowledge or should have known that the throttle was defective increasing the risk and danger to the operator.

49. Defendants knew, or by the exercise of ordinary care, should have known that the throttle manufacturer and/or design was not safe for its intended use and there was a substantial likelihood of injury by the KTM Bike operator.

50. KTM Defendants and KEIHIN's negligent testing or failure to test the throttle and/or make corrections to the manufacturer and/or design of the throttle on the KTM Bike caused and/or contributed to cause Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages to be determined by a jury in an amount in excess of the jurisdictional requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT IV
## NEGLIGENCE
## (KTM DEFENDANTS, OWEN and SPYKE'S KTM)

51. Plaintiff adopts and incorporates every allegation set out above as if set out fully stated herein.

52. KTM Defendants, OWEN and SPYKE'S KTM each owed a duty to assemble, inspect and correct the defectiveness of the KTM Bike which were known or should have been known to them, but not known to Plaintiff.

53. KTM Defendants, OWEN and SPYKE'S KTM each owed a duty to Plaintiff to assemble, inspect and correct the defective throttle, clutch hydraulic hose fittings, engine start feature, lock nuts on the throttle cable assembly adjuster, throttle free cable, and/or otherwise make sure the KTM Bike was in a reasonably safe condition prior to sale to the Plaintiff.

54. KTM Defendants, OWEN and SPYKE'S KTM breached this duty by failing to properly assemble, inspect, and correct the defects of the KTM Bike before selling it to Plaintiff.

55. As a direct and proximate cause of the combined acts of negligence by Defendants, Plaintiff suffered severe injuries and damages described herein.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages to be determined by a jury in an amount in excess of the jurisdictional requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

## COUNT V
## NEGLIGENT FAILURE TO WARN
## (ALL DEFENDANTS)

56. Plaintiff adopts and incorporates every allegation set out above as if set out fully stated herein.

57. Defendants each had a duty to warn of risks and dangers known of the defectiveness of the KTM Bike, but not known to Plaintiff and whose use of the KTM Bike in a foreseeable manner could not reasonably be anticipated by Plaintiff.

58. Defendants each knew or should have known by taking reasonable care would have discovered the significant and dangerous condition of the KTM Bike before selling to Plaintiff.

59. Defendants' collective failure to warn Plaintiff of the defective condition of the KTM Bike proximately caused and/or contributed to cause the severe injuries and damages to Plaintiff described herein.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, for damages to be determined by a jury in an amount in excess of the jurisdictional requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

### COUNT VI
### BREACH OF IMPLIED WARRANTY
### (ALL DEFENDANTS)

60. Plaintiff adopts and incorporates every allegation set out above as if set out fully stated herein.

61. Plaintiff directly purchased the KTM Bike from OWEN, an authorized KTM Defendant dealer or agent.

62. SPYKE'S KTM was issued a Certificate of Origin for a Vehicle, relating to the KTM Bike, by KTM Defendants.

63. Plaintiff was in privity with OWEN, SPYKE'S KTM and KTM Defendants.

64. Plaintiff is in privity with KEIHIN through its partnership and/or joint venture with KTM Defendants.

65. Prior to the sale of the KTM Bike to Plaintiff, Defendants impliedly warranted to Plaintiff that the KTM Bike was of merchantable quality and fit for the use for which it was intended.

66. Plaintiff reasonably relied on the skill, judgment, and implied warranties by Defendants in the purchase and use of the KTM Bike.

67. The KTM Bike was not of merchantable quality nor fit for its intended use as warranted by Defendants in that it was dangerously defective and caused severe injuries and damages to Plaintiff as described herein.

68. Defendants collectively breached their respective implied warranties to Plaintiff which caused and/or contributed to cause the severe injuries and damages to Plaintiff described herein.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, for damages to be determined by a jury in an amount in excess of the jurisdictional requirements of this Court, together with interest from the date of injury, and the costs of this proceeding.

## DEMAND FOR JURY TRIAL

Plaintiff, by his undersigned counsel, hereby requests a jury trial on all counts in this action.

Respectfully submitted:

*/s/ Fred Schultz*
Fred Schultz (IN Bar# 19554-53)
GREENE & SCHULTZ
520 North Walnut Street
Bloomington, Indiana 47404
Tel.: (812) 336-4357
Fax.: (812) 336-5615
fred@greeneschultz.com

**TO BE ADMITTED PRO HAC VICE**

*/s/ Donald H. Slavik*
Donald H. Slavik (CO Bar# 33860)
SLAVIK LAW FIRM, LLC
2955 Village Drive, Suite 16
Steamboat Springs, Colorado 80487
Tel.: (907) 457-1011
Fax.: (262) 878-7697
dslavik@slavik.us